UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    13-CR-811 (ALC)

                    - against -
                                                    ORDER DENYING
                                                    MOTION FOR
                                                    SENTENCE REDUCTION

David Santiago,

                    Defendant.
-----------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

On March 31, 2015, I sentenced Mr. Santiago to a total of 128 months imprisonment for his role in a Conspiracy to Burglarize Pharmacies of Controlled Substances and Burglarizing Pharmacies of Controlled Substances, 120 months for Count 1 and 128 months for Count 2, running concurrently with each other. His original guideline range was 120-150 months.

Santiago now moves for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines Manual, which took effect November 1, 2023. Amendment 821 changes his guideline level since prior to the amendment, two points were added to the criminal history score if the defendant committed the offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. USSG Section 4A11(e). Under the amendment only one point will be added to the criminal history score if the enhancement applies, and the defendant has at least seven criminal history points prior to applying the enhancement. Since Santiago had eight criminal history points prior

1

to the enhancement, Santiago's total criminal history score is nine, instead of ten. This results in Santiago being placed in Criminal History Category 4, instead of 5. Therefore his guideline range is reduced from 120-150 months to 100-125 months.  Although Santiago is technically eligible for a sentence reduction, considering the factors in 18 U.S.C. § 3553, a sentence reduction is inappropriate.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582. In *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010), the Supreme Court directed courts to consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." Id. at 827.

The nature and circumstances of the offense, the history and characteristics of the defendant, and the need for punishment and specific deterrence make a sentence reduction inappropriate.

Santiago participated in a conspiracy to burglarize pharmacies, stealing not only cash, but also oxycodone and other controlled substances for resale. Santiago and two of his co-defendants were actually present for ten separate burglaries at ten separate pharmacies in the New York city area. (Amended PSR 13-22). They committed these burglaries in 2012 on February 12; April 7,

14, 23, 27; June 12, 27, 29; September 27; October 12; communicating with each other by cellphone, usually stealing oxycodone, other controlled substances, and cash. Amended PSR Paragraphs 13-22. During the April 23 burglary, Santiago and his co-defendants used a ladder to climb to the roof of a pharmacy, cutting a hole in the roof of the building and a hole into the pharmacy. *Id*. Santiago is responsible for at least $50, 635 in loss, based on stolen cash, property damage and the value of the drugs. PSR 31.The aggregate losses attributable to the conspiracy total at least $959, 265. PSR 38. Santiago was arrested on October 13, 2013.

At the time of the burglaries, Santiago had amassed an extensive criminal history, including convictions for Criminal Sale of Marijuana in the Fourth Degree, Robbery in the Third Degree, Robbery in the First Degree. PSR 54-57. Of particular concern to the Court at sentencing was the fact that Santiago's criminal conduct was increasing in seriousness, not decreasing. (Dkt 257 at 31). That concern remains, especially in light of the fact that at the time of the original sentence, unknown to the Court, Santiago had been engaged in another conspiracy to commit violent, armed, home invasion robberies.

Santiago directed and supervised home invasion robberies from February 2011 to 2012. In February 2011, he planned and supervised a robbery of an elderly man, resulting in his coconspirators assaulting the elderly man, taking his keys, tying up his two innocent roommates at gunpoint. (Dkt 420, *U.S. v. Nunez*, 17-cr-438 (VEC)). He also planned and supervised a separate home invasion, but he targeted the wrong apartment, resulting in an innocent couple being bound at gunpoint. *Id*.

3

On June 25, 2018, Santiago pleaded guilty to participating in this racketing conspiracy. Judge Caproni sentenced Santiago to five years, running consecutively to the sentence I imposed. (*Nunez*, Dkt 458 at 46). Judge Caproni stated that she imposed the sentence to "yield a sentence that would have been fair to Mr. Santiago had the burglaries and the robberies all been charged together in one big racketeering indictment." (Id. at 8). Undoing the balance struck by Judge Caproni would not sufficiently address the need for punishment and specific deterrence.

The nature and circumstances of the offense, the history and characteristics of the defendant, and the need for punishment and specific deterrence make a sentence reduction inappropriate. The motion is denied.

**SO ORDERED.**

**Dated: February 2, 2026**
      **New York, New York**

                                              **/s/ Andrew L. Carter, Jr.**
                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**

4